1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10  CHADERICK INGRAM,

11          Plaintiff,              No. 2:12-cv-1556 JAM DAD PS

12     vs.

13  CITY OF SACRAMENTO, et al.,        ORDER

14          Defendants.

15  _____/

16          Plaintiff Chaderick Ingram is proceeding in this action pro se.  This matter was

17  referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

18  Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

19          Plaintiff has submitted an in forma pauperis application that make the showing

20  required by 28 U.S.C. § 1915(a)(1).  However, a determination that a plaintiff qualifies

21  financially for in forma pauperis status does not complete the inquiry required by the statute.  "'A

22  district court may deny leave to proceed in forma pauperis at the outset if it appears from the face

23  of the proposed complaint that the action is frivolous or without merit.'"  Minetti v. Port of

24  Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821

25  F.2d 1368, 1370 (9th Cir. 1987)).  See also Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965)

26  ("It is the duty of the District Court to examine any application for leave to proceed in forma

1   pauperis to determine whether the proposed proceeding has merit and if it appears that the

2   proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in

3   forma pauperis.").  Moreover, the court must dismiss an in forma pauperis case at any time if the

4   allegation of poverty is found to be untrue or if it is determined that the action is frivolous or

5   malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against

6   an immune defendant.  See 28 U.S.C. § 1915(e)(2).  A complaint is legally frivolous when it

7   lacks an arguable basis in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989);

8   Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  Under this standard, a court must

9   dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or

10  where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327; 28 U.S.C. §

11  1915(e).

12          To state a claim on which relief may be granted, the plaintiff must allege "enough

13  facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550

14  U.S. 544, 570 (2007).  In considering whether a complaint states a cognizable claim, the court

15  accepts as true the material allegations in the complaint and construes the allegations in the light

16  most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg.

17  Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242,

18  1245 (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by

19  lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as

20  true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western

21  Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

22          The minimum requirements for a civil complaint in federal court are as follows:

23          A pleading which sets forth a claim for relief . . . shall contain (1) a
            short and plain statement of the grounds upon which the court's
24          jurisdiction depends . . . , (2) a short and plain statement of the
            claim showing that the pleader is entitled to relief, and (3) a
25          demand for judgment for the relief the pleader seeks.

26  Fed. R. Civ. P. 8(a).

2

1    Here, plaintiff's complaint fails to contain a plain statement of his claim showing

2  that he is entitled to relief.  In this regard, plaintiff's complaint consists largely of vague and

3  conclusory allegations and references to 42 U.S.C. § 1983, the Fourth Amendment, the Sixth

4  Amendment, the Eighth Amendment, etc.  Plaintiff's lone factual allegation appears to be that on

5  June 10, 2012, the defendants, "proceeded to harass plaintiff for no reason . . ."  (Compl. (Doc.

6  No. 1) at 3.)

7    In this regard, absent from plaintiff's complaint is a clear statement of plaintiff's

8  precise claim and a discussion of the elements underlying that claim.  Although the Federal Rules

9  of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair

10 notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly

11 and succinctly.  Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649

12 (9th Cir. 1984).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the

13 elements of cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked

14 assertions' devoid of 'further factual enhancements.'"  Ashcroft v. Iqbal, 556 U.S.662, 678

15 (2009) (quoting Twombly, 550 U.S. at 555, 557).  A plaintiff must allege with at least some

16 degree of particularity overt acts which the defendants engaged in that support the plaintiff's

17 claims.  Jones, 733 F.2d at 649.  Under these standards, a complaint should state identifiable

18 causes of action and allege facts that satisfy the elements of those causes of action both plainly

19 and succinctly, alleging specific acts engaged in by the defendant that would support plaintiff's

20 claim.

21    Accordingly, plaintiff's complaint will be dismissed for failure to state a claim.

22 The undersigned has carefully considered whether plaintiff may amend the complaint to state a

23 claim upon which relief can be granted.  "Valid reasons for denying leave to amend include

24 undue delay, bad faith, prejudice, and futility."  California Architectural Bldg. Prod. v.

25 Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  See also Klamath-Lake Pharm.

26 Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while

leave to amend shall be freely given, the court does not have to allow futile amendments). However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff may be dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972). See also Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).

Here, the court cannot say that it appears beyond doubt that leave to amend would be futile. Plaintiff's complaint will therefore be dismissed, and plaintiff will be granted leave to file an amended complaint. Plaintiff is cautioned, however, that if plaintiff elects to file an amended complaint "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." Id. at 679. Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]" Id. at 680 (quoting Twombly, 550 U.S. at 557).

Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 220 requires that any amended complaint be complete in itself without reference to prior pleadings. The amended complaint will supersede the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, in an amended complaint, just as if it were the initial complaint filed in the case, each defendant must be listed in the caption and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged. Plaintiff's amended complaint must include concise
/////

1  but complete factual allegations describing the conduct and events which underlie plaintiff's

2  claims.

3       Finally, plaintiff is advised that the court takes judicial notice of the proceedings

4  in United States of America v. Ingram, 2:10-cr-0014 MCE-1 (E. D. Cal.) and Ingram v. Grant

5  Joint Union High School Dist., et al., 2:08-cv-2490 KJM DAD.  See Fed. R. Evid. 201.  In the

6  criminal proceedings, plaintiff herein was declared incompetent and unrestorable based on

7  mental health issues.  See Case No. 2:10-cr-0014 MCE-1, Doc. Nos. 32, 39, 40.  In the civil

8  action, plaintiff was represented by counsel and after the declaration of incompetence in the

9  criminal action, a guardian ad litem was appointed for plaintiff.  See Case No. 2:08-cv-2490

10  KJM DAD, Doc Nos. 87-88.

11       In this action, plaintiff is neither represented by counsel nor has a guardian ad

12  litem been appointed.  An incompetent person can only proceed if represented by counsel.  Johns

13  v. County of San Diego, 114 F. 3d 874, 877 (9th Cir. 1997) (minors must be represented by

14  attorney); see also Meeker v. Kercher, 782 f.2d 153, 154 (10th Cir. 1986) ("it is not in the interest

15  of minors or incompetents that they be represented by non-attorneys").

16       Moreover, federal district courts lack authority to require counsel to represent

17  indigent plaintiffs in civil cases.  See Mallard v. United States Dist. Court, 490 U.S. 296, 298

18  (1989).  The court may request the voluntary assistance of counsel under the federal in forma

19  pauperis statute, but only under exceptional circumstances.  See 28 U.S.C. § 1915(e)(1); Terrell

20  v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36

21  (9th Cir. 1990).  The test for exceptional circumstances requires the court to evaluate the

22  plaintiff's likelihood of success on the merits and the plaintiff's ability to articulate his or her

23  claims.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look,

24  718 F.2d 952, 954 (9th Cir. 1983).

25       Here, because plaintiff's complaint fails to contain a plain statement of his claim

26  showing that he is entitled to relief the court cannot evaluate plaintiff's likelihood of success on

1   the merits.  Accordingly, the court will revisit this issue if plaintiff elects to file an amended

2   complaint.

3                    Accordingly, IT IS HEREBY ORDERED that:

4                    1.  The complaint filed June 11, 2012 (Doc. No. 1) is dismissed with leave to

5   amend.

6                    2.  Within twenty-eight days from the date of this order, an amended complaint

7   shall be filed that cures the defects noted in this order and complies with the Federal Rules of

8   Civil Procedure and the Local Rules of Practice.[1]  The amended complaint must bear the case

9   number assigned to this action and must be titled "Amended Complaint."

10                    3.  Failure to comply with this order in a timely manner may result in a

11   recommendation that this action be dismissed.

12   DATED: November 1, 2012.

13

14   _____

15   DALE A. DROZD
     UNITED STATES MAGISTRATE JUDGE

16

17   DDAD:6
     Ddad1\orders.pro se\ingram1556.ifp.den

18

19

20

21

22

23

24

25

26   ───────────────
          [1]  Alternatively plaintiff may file a notice of voluntary dismissal of this action pursuant to
     Rule 41 of the Federal Rules of Civil Procedure.